**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 23, 2011

No. 09-30484

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

NAM VAN HOANG,

Defendant – Appellant

Appeal from the United States District Court
for the Middle District of Louisiana

Before JONES, Chief Judge, JOLLY and GARZA, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Appellant Nam Van Hoang ("Hoang") appeals from his conviction for failure to register pursuant to the Sex Offender Registration and Notification Act ("SORNA"). Hoang was convicted of a sex offense and registered as a sex offender under state law prior to the enactment of SORNA, which requires a sex offender to register in each jurisdiction where he resides and to keep his registration current. Section 2250 of Title 18 prohibits sex offenders who are required to register under SORNA from traveling in interstate commerce and knowingly failing to register. Hoang's interstate travel took place after SORNA's enactment but before the Attorney General issued an Interim Rule declaring SORNA applicable to all sex offenders whose underlying sex-offense convictions

No. 09-30484

predate SORNA's enactment. There is a split of authority among the courts of appeals as to whether SORNA's registration requirements became effective to already-registered, pre-SORNA sex offenders (1) on the date SORNA was enacted, or (2) when the Attorney General issued the Interim Rule declaring SORNA retroactive. We hold that Hoang did not become subject to SORNA's registration requirements until the Attorney General issued the Interim Rule. We reverse the judgment of the district court and remand for entry of an order of dismissal.

I.

The facts of this case are undisputed. On May 13, 2005, Hoang was convicted in Orleans Parish Criminal Court of two counts of attempted aggravated crimes against nature, in violation of Louisiana Revised Statute 14:89:1. This conviction renders him a sex offender as defined by SORNA. Hoang was sentenced to 30 months in prison and a term of supervised release. He was further ordered to register as a sex offender, which he did prior to release from prison. Before his release, Hoang was informed of his obligation (under his state-law conviction and sentence) to register with his new parish or county of residence in the event that he moved; he was further informed that he was required to update his registration with Orleans Parish annually and to notify his previous parish or county of residence if he ever moved.

At some point after May 18, 2005, Hoang moved to Lubbock, Texas. On June 22, 2006, Lubbock police learned that Hoang was a sex offender who had not registered in the City of Lubbock or State of Texas. Hoang was then compelled to register as a sex offender with the State of Texas, and was once again informed of his obligations to notify his current jurisdiction as well as his receiving jurisdiction in the event that he changed his residence. SORNA was enacted on July 27, 2006, setting forth registration requirements for sex offenders under federal law.

No. 09-30484

Lubbock police were informed on December 1, 2006 that Hoang had moved from his residence, and that his whereabouts were unknown. At that point he was placed in absconder status for failing to notify the local sex offender unit that he had changed addresses. Texas law enforcement later notified a Deputy United States Marshal that Hoang had obtained a Louisiana driver's license on July 11, 2007, and that the license showed a Baton Rouge address. The deputy marshal discovered that Hoang had not registered with the relevant local or state authorities in Louisiana, as required by SORNA. On September 25, 2007, the deputy marshal located Hoang at the Baton Rouge address listed on his license and brought him to be registered with the Louisiana State Police Sex Offender Registration Unit. Hoang admitted at that time that he had been living in Baton Rouge for nine to twelve months and that he had not registered as a sex offender.

Hoang was indicted for failure to register as a sex offender in the State of Louisiana from on or about July 11, 2007 until on or about September 24, 2007, in violation of 18 U.S.C. § 2250(a). Hoang filed a motion to dismiss the indictment and challenged the constitutionality of SORNA. His motion was denied. Pursuant to a conditional plea agreement reserving his right to appeal the district court's ruling on his motion to dismiss, Hoang pleaded guilty to the charge and was convicted. This appeal under 28 U.S.C. § 1291 timely followed.

II.

Under SORNA, a person convicted of a sex offense is required to register as a sex offender and to keep the registration current in each jurisdiction where the offender resides. 42 U.S.C. § 16913. It is a criminal offense, punishable by up to ten years of imprisonment, for anyone who is required to register and travels in interstate commerce to knowingly fail to register or update a registration. 18 U.S.C. § 2250(a). Sex offenders must initially register before completing their term of imprisonment for the underlying sex offense or, if not

No. 09-30484

incarcerated, within three business days after sentencing. 42 U.S.C. § 16913(b). Furthermore, 42 U.S.C. § 16913(d), entitled "Initial registration of sex offenders unable to comply with subsection (b) of this section," provides that

> [t]he Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

42 U.S.C. § 16913(d).

Pursuant to the foregoing authority, the Attorney General issued an Interim Rule on February 28, 2007 ("Interim Rule"), which provided that the requirements of SORNA "apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of [SORNA]." 28 C.F.R. § 72.3. The instant dispute concerns the scope of SORNA and the applicability of this Interim Rule. Specifically, we are asked whether SORNA applies to a convicted sex offender who fails to register when (1) the offender's predicate sex-offense conviction predated the enactment of SORNA, (2) the offender was registered as a sex offender prior to the enactment of SORNA, and (3) the offender traveled in interstate commerce after SORNA's enactment but prior to the date on which the Attorney General promulgated the Interim Rule declaring SORNA applicable to sex offenders whose underlying convictions predate SORNA.

### A.

In *Carr v. United States*, 130 S.Ct. 2229 (2010), the Supreme Court held that SORNA does not apply to persons with pre-SORNA sex-offense convictions whose interstate travel occurred prior to the enactment of SORNA. However, the Court explicitly declined to rule upon whether a sex offender whose

4

No. 09-30484

interstate travel occurred in the gap between SORNA's enactment and the Attorney General's promulgation of the Interim Rule falls within the ambit of SORNA's criminal prohibition on failure to register. *See id.* at 2234 n.2. The courts of appeals have divided on this question, and this panel is the first to consider it since *Carr* was decided.

The core dispute before us is when the statute became applicable to Hoang—that is, whether action by the Attorney General was required as a condition precedent to the enforcement of SORNA against all sex offenders who traveled between July 27, 2006 and February 28, 2007. Four circuits have held that sex offenders whose convictions predate SORNA did not become subject to SORNA's registration requirements until the Attorney General issued the Interim Rule in February 2007. *See United States v. Hatcher*, 560 F.3d 222, 226–29 (4th Cir. 2009); *United States v. Cain*, 583 F.3d 408, 414–19 (6th Cir. 2009); *United States v. Dixon*, 551 F.3d 578, 582 (7th Cir. 2008), *rev'd on other grounds*, *United States v. Carr*, 130 S.Ct. 2229 (2010); *United States v. Madera*, 528 F.3d 852, 857–59 (11th Cir. 2008) (per curiam). Two circuits have held that sex offenders whose convictions predate SORNA became subject to SORNA's registration requirements upon SORNA's enactment in July 2006. *See United States v. May*, 535 F.3d 912, 915–19 (8th Cir. 2008); *United States v. Hinckley*, 550 F.3d 926, 929–35 (10th Cir. 2008).

### B.

We are persuaded that the text of subsection (d) clearly authorizes the Attorney General to specify whether and how SORNA (and not just the statute's initial registration requirements) applies to pre-SORNA sex offenders such as Hoang. Hoang therefore did not become subject to SORNA until the Attorney General issued the Interim Rule, after the interstate travel on which Hoang's conviction is based.

As we earlier noted, subsection (d) reads thus:

No. 09-30484

> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

42 U.S.C. § 16913(d). As the Fourth Circuit has observed, the first clause of subsection (d) provides that the Attorney General "shall," prospectively, have the authority to specify whether and how SORNA applies to pre-SORNA sex offenders. *Hatcher*, 560 F.3d at 227. Plainly, this authority is altogether distinct from that granted in the second clause of subsection (d), which authorizes the Attorney General to prescribe rules for the registration of (1) "any such sex offenders," that is, any sex offenders whose convictions predate SORNA's enactment; and (2) "other categories of sex offenders" who are unable to comply with the initial registration requirements of subsection (b). *Id. See also Hinckley*, 550 F.3d at 949–50 (McConnell, J., dissenting); *Madera*, 528 F.3d at 858. The instant dispute implicates only the first of these two clauses. We are concerned not with particular rules for registration but with whether "this subchapter" applied to Hoang, a pre-SORNA sex offender, such that he was subject to SORNA's registration requirements at the time he traveled in interstate commerce. "This subchapter" refers to "the entirety of SORNA—not just the initial registration requirements." *Hinckley*, 550 F.3d at 951–52 (McConnell, J., dissenting).

Two other circuits have held that sex offenders who were registered under state law prior to SORNA's enactment, and therefore were not subject to the initial registration requirements of subsections (b) and (d), were required to register under subsection (a) of 42 U.S.C. § 16913 as of the date on which SORNA was enacted. *May*, 535 F.3d at 918–19; *Hinckley*, 550 F.3d at 935.

Subsection (a) contains the general requirement that sex offenders register and keep their registration current in their jurisdiction of residence. 42 U.S.C. § 16913(a). Courts that have applied SORNA to pre-SORNA sex offenders by way of subsection (a) have reasoned that a sex offender who was already registered under state law at the time of SORNA's enactment is not subject to the *initial* registration requirements referenced in subsections (b) and (d). However, this conclusion overlooks the plain language of subsection (d), the first clause of which does not deal with initial registration at all. That clause—the only clause conferring the authority implicated in this appeal—deals with the applicability of *all* of SORNA, including subsection (a), to sex offenders like Hoang who were convicted before SORNA's enactment. The clause gives the Attorney General the authority to specify the retroactive application of all subsections of SORNA to pre-SORNA sex offenders. Until the Attorney General did so by promulgating the Interim Rule in February 2007, SORNA did not apply to Hoang.

## C.

In reaching the foregoing conclusion, we need not look beyond the plain text of subsection (d). Courts that have found that state-law-registered, pre-SORNA sex offenders became subject to SORNA on the date of its enactment have done so by looking to the title of subsection (d) to limit the scope of that subsection to pre-SORNA sex offenders who were unable to comply with the initial registration requirements.[1] We find reference to the subtitle unnecessary

---

[1] The title of subsection (d) is "Initial registration of sex offenders unable to comply with subsection (b) of this section." As an initial matter, we agree with the Fourth Circuit that there is no necessary conflict between this title and our reading of the statutory text, since the title refers to the authority to set registration rules, an authority conferred in the second clause of subsection (d), but not to the authority to specify SORNA's applicability to pre-SORNA sex offenders, which is conferred in the first clause. "Nothing in the title is inconsistent with the literal meaning of the statute, nor is the limited nature of the title especially significant." *Cain*, 583 F.3d at 416.

and inappropriate because, as explained above, we find no ambiguity in subsection (d).   *See, e.g.*, *INS v. St. Cyr*, 533 U.S. 289, 308–09 (2001); *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 212 (1998) ("[T]he title of a statute . . . cannot limit the plain meaning of the text.  For interpretive purposes, [it is] of use only when [it] shed[s] light on some ambiguous word or phrase." (internal quotation marks and citations omitted)).  Courts that have interpreted subsection (d) to be ambiguous have done so by reading what they perceive to be an ambiguity in the second clause of the subsection to create an ambiguity in the first clause.  Specifically, these courts have found that the phrase "other categories of sex offenders who are unable to comply with subsection (b)" means other categories of sex offenders who are *also* unable to comply with the initial registration requirements of subsection (b).  This phrase modifies the phrase "any such sex offenders," which in turn refers to the phrase used in the first clause of subsection (d), "sex offenders convicted before the enactment of this chapter."  The courts have reasoned that the phrasing of the second clause limits the scope of the first clause to those pre-SORNA sex offenders unable to comply with the initial registration requirements.  *See Hinckley*, 550 F.3d at 929–35; *May*, 535 F.3d at 916–19.

We respectfully disagree.  "'Other categories of sex offenders' plainly means types of sex offenders *not* encompassed within the former category, that is, those who are not past offenders."  *Hinckley*, 550 F.3d at 951 (McConnell, J., dissenting) (emphasis added).  To read the statute otherwise "ignores the key term 'other,' which indicates that the two categories are distinct."  *Id.  See also Cain*, 583 F.3d at 415.  We do not disregard "the cardinal rule that a statute is to be read as a whole, . . . since the meaning of statutory language, plain or not, depends on context."  *King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991).  We simply conclude that nothing in the second clause of subsection (d) or the broader context of SORNA requires us to strip the first clause of its plain

No. 09-30484

meaning and replace it with a contradictory one.

III.

In the alternative, we hold that to the extent SORNA may be ambiguous, the rule of lenity requires that we interpret the statute in Hoang's favor. Notwithstanding our conclusion that 42 U.S.C. § 16913(d) is clear, we recognize that two other circuits disagree and would interpret the statute to include Hoang within its ambit at the time of enactment. It is familiar learning that "[a] statute is ambiguous if it is susceptible to more than one reasonable interpretation or more than one accepted meaning." *In re Condor Ins. Ltd.*, 601 F.3d 319, 321 (5th Cir. 2010) (internal quotation marks and citations omitted). We recognize, of course, that "[a] statute is not 'ambiguous' for purposes of lenity merely because there is a division of judicial authority over its proper construction." *Reno v. Koray*, 515 U.S. 50, 64–65 (1995) (internal quotation marks and citation omitted). Nevertheless, insofar as the reasoning of other circuits may reveal that SORNA is susceptible to "more than one accepted meaning," the question of whether SORNA applies to a pre-SORNA sex offender whose interstate travel took place prior to the promulgation of the Interim Rule is, at best, ambiguous. "The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." *United States v. Santos*, 553 U.S. 507, 514 (2008). *See also Cain*, 583 F.3d at 417 (holding, with respect to SORNA, that insofar as ambiguity "clouds the meaning of a criminal statute, the tie must go to the defendant") (internal quotation marks and citations omitted). In the light of these observations, we hold that any residual ambiguity in SORNA discernible from the conflicting decisions of our sister circuits must be read in Hoang's favor.

9

No. 09-30484

IV.

Defendant Hoang, a sex offender registered under state law prior to the enactment of SORNA, traveled in interstate commerce and failed to register in his new jurisdiction after SORNA's enactment but before the Attorney General issued an Interim Rule declaring SORNA applicable to all sex offenders whose underlying sex-offense convictions predate SORNA's enactment. Hoang's conviction under 18 U.S.C. § 2250 was based on the premise that he was required to register under SORNA at the time of his interstate travel. We hold today that this premise is flawed. The defendant did not become subject to SORNA's registration requirements until the Attorney General issued the Interim Rule in February 2007 that made SORNA retroactive. Subsection (d) of 42 U.S.C. § 16913 clearly authorizes the Attorney General to specify whether and how SORNA applies to pre-SORNA sex offenders such as Hoang. Because the meaning of subsection (d) is plain, we need not look beyond the statutory text in construing the statute. Moreover, to whatever extent SORNA may be characterized as ambiguous, the rule of lenity requires that we interpret the statute in Hoang's favor. In the light of these considerations, we REVERSE the judgment of the district court and REMAND for entry of an order of dismissal.

REVERSED and REMANDED.