**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 13, 2012

Lyle W. Cayce
Clerk

No. 11-50112
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SETH DAVIDSON HILLIKER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-382-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Seth Davidson Hilliker pleaded guilty to an indictment charging him with failure to register under the Sex Offender Registration and Notification Act (SORNA). *See* 18 U.S.C. § 2250(a). The district court sentenced Hilliker to 40 months of imprisonment (with credit for the 10 months already served), to be followed by 20 years of supervised release. As part of the special conditions of supervised release, the district court ordered that Hilliker be denied all access to computers, the internet, cameras, photographic equipment, and other

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

electronic equipment without the permission of his probation officer, and that he not purchase or possess any sexually oriented material. Hilliker appeals those special conditions of his supervised release. He argues (1) that the special condition banning him from computer and internet access fails to comply with statutory requirements and compromises substantial liberty interests, (2) that the special condition banning him from possessing photographic devices and electronic equipment is not reasonably related to supervised release goals, and (3) that the special condition banning him from possessing sexually oriented or sexually stimulating materials is overly broad and fails to meet due process notice requirements.

Hilliker objected at sentencing to "any conditions" that did not relate to the sentencing factors and were not clearly defined to achieve the goals of sentencing. This objection was not specific enough to preserve his arguments regarding the ban on computer and internet access or the ban on sexually oriented and sexually stimulating materials. *See United States v. Miller*, 665 F.3d 114, 134 (5th Cir. 2011); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Although he sufficiently preserved his challenge to the ban on photographic devices and electronic equipment, he did not preserve the specific challenge to the meaning of "electronic equipment." *See Miller*, 665 F.3d at 134; *Mondragon-Santiago*, 564 F.3d at 361. Accordingly, his argument regarding the ban on photographic devices is reviewed for abuse of discretion, and his remaining arguments are reviewed for plain error. *See Miller*, 665 F.3d at 134; *United States v. Rodriguez*, 558 F.3d 408, 412 & n.3 (5th Cir. 2009).

### *Ban on Computer and Internet Access*

The predicate offense that led to Hilliker's SORNA requirements was his 2008 conviction for attempted indecency with a child by contact. In June 2007, the father of the victim reported that Hilliker fondled the buttocks of his four-year old daughter while he and his daughter were shopping at a book store. In another, unrelated 2007 incident, Hilliker was reported because he had twice

fondled the buttocks of a 10-year-old female inside a thrift store. In 2003, a state trooper responded to a report of Hilliker grabbing young girls in a Kohl's department store in Sunset Valley, Texas. In 1998, Hilliker was charged in Durham, New Hampshire, with loitering and prowling and indecent exposure and lewdness. In 1995, Hilliker was charged with misdemeanor criminal trespassing when he was found inside a middle school without permission. At sentencing in the instant case, the district court relied heavily on Hilliker's fugitive background and evasions of law enforcement, as well as its finding that Hilliker was a "predator" who had repeatedly engaged in direct physical contact with minor children, and in part, on a letter from Hilliker in which Hilliker stated that internet pornography was a factor in clouding his judgment regarding the propriety of touching or fondling young girls in public places. Based on the record before this court, the district court did not commit plain error by imposing near absolute restrictions on computer and internet access. *See Miller*, 665 F.3d at 132.

### *Ban on Photographic Equipment and Electronic Devices*

Given the admitted connection between Hilliker's viewing of photographic images of pornography and his touching and fondling of young girls, as well as his admitted "thrill" from approaching children in difficult-to-detect ways and his history of evading law enforcement supervision, Hilliker's history supports this condition of supervised release. *See, e.g., Miller*, 665 F.3d at 134. The district court did not abuse its discretion in imposing this condition. *See id.*

In *Miller*, this court specifically rejected Hilliker's argument that "other electronic equipment" extends to items beyond cameras and other photographic equipment, such as television, DVDs, and MP3 players. *See id.* at 134-35. The district court's imposition of this ban was not error, much less plain error. *Id.*

### *Ban on Sexually Oriented and Sexually Stimulating Materials*

As already noted, Hilliker admitted in a letter to the court that internet pornography was a factor that clouded his judgment regarding the propriety of

touching and fondling young girls in public places. The presentence report indicates that Hilliker engaged in sexually oriented criminal conduct perhaps as early as 1995 and certainly as early as 2003. Based on the record before this court, a ban on sexually oriented and sexually stimulating material is within the parameters of special conditions of supervised release that are reasonably related to affording adequate deterrence to criminal conduct and protecting the public from further crimes of the defendant. *See Miller*, 665 F.3d at 136; *United States v. Paul*, 274 F.3d 155, 164-65 (5th Cir. 2001); 18 U.S.C. §§ 3553(a), 3583(d)(1). Thus, even under an abuse-of-discretion standard, Hilliker could not prevail. *See Miller*, 665 F.3d at 136. Moreover, because the law is unsettled regarding First Amendment overbreadth challenges, Hilliker cannot demonstrate error that is plain because such an error must be clear under existing law. *See Miller*, 665 F.3d at 136. Unsettled law also precludes a showing of plain error on Hilliker's due process argument that the ban on sexually oriented and sexually stimulating material fails to provide sufficient notice of what items he is banned from possessing. *Miller*, 665 F.3d at 136-37.

Although the district court did not have the benefit of our decision in *Miller*, the analysis there is comprehensive. We note that because presentence investigation reports rarely list proposed supervised release special conditions, the parties must be vigilant to raise specific concerns when conditions are imposed. Although Miller's history of predatory behavior connected directly to the use of electronic equipment, Hilliker both admitted to the connection between the internet and his predatory behavior and repeatedly evaded law enforcement supervision—two factors that may warrant more extensive supervised release oversight. Finally, Title 18, Section 3583(e), as well as Fed. R. Crim. P. 32.1(c), contemplate ongoing judicial review, termination, or modification of stringent supervised realize terms which is apt for terms that extend far into the future yet necessarily must adjust as technology changes.

AFFIRMED.