**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 2, 2013

No. 13-30008
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSHUA SOUTHERLAND,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CR-21-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Joshua Southerland pleaded guilty, pursuant to a plea agreement, to failing to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA). Prior to his guilty plea, Southerland moved unsuccessfully to dismiss his indictment on the ground that Congress improperly delegated to the Attorney General the power to decide whether SORNA's registration requirements applied to sex offenders, like Southerland, who were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convicted before SORNA went into effect. In his plea agreement, Southerland reserved the right to raise this issue on appeal.

We have addressed and rejected previous challenges to SORNA based on the nondelegation doctrine. *See United States v. Johnson*, 632 F.3d 912, 917 (5th Cir. 2011); *United States v. Whaley*, 577 F.3d 254, 262-64 (5th Cir. 2009). Southerland recognizes our precedent, but urges that *Reynolds v. United States*, 132 S. Ct. 975 (2012), calls into question its continued applicability. *Reynolds,* however, did not explicitly or implicitly overrule *Johnson* and *Whaley*; accordingly, we are bound by those decisions. *See United States v. Short*, 181 F.3d 620, 624 (5th Cir. 1999).

The judgment of the district court is AFFIRMED.