# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-30691

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NOBRYAN MCGEE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CR-292-1

Before WIENER, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Nobryan McGee ("McGee") pleaded guilty to one count of failing to register as a convicted sex offender in violation of the Sex Offender Registration and Notification act ("SORNA" or "the Act"), 18 U.S.C. § 2250(a).[1]  The district court upwardly varied from the United States

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] "Under SORNA, a person convicted of a sex offense is required to register as a sex offender and to keep the registration current in each jurisdiction where the offender resides." *United States v. Hoang*, 636 F.3d 677, 679 (5th Cir. 2011) (citing 42 U.S.C. § 16913). "It is a criminal offense, punishable by up to ten years of imprisonment, for anyone who is required to register

No. 13-30691

Sentencing Guidelines ("Guidelines") in sentencing McGee to 84 months of imprisonment, to be followed by a lifetime term of supervised release. With respect to supervised release, the district court imposed several special conditions, including prohibiting McGee from possessing, viewing, receiving, or transmitting any "sexually arousing material." As a part of this restriction, the district court ordered him to install "filtering software on any computer he possesses or uses which will monitor/block access to sexually oriented websites." McGee challenges the reasonableness of his term of imprisonment and the special conditions regarding sexually arousing material. He further argues that the district erred in denying his motion to dismiss the indictment, contending that Congress improperly delegated to the Attorney General the authority to determine whether SORNA retroactively applies to persons who were convicted before its effective date. We affirm the district court's sentence and judgment.

## I.  FACTS AND PROCEEDINGS

At the sentencing hearing for the instant offense, the district court expressly found that McGee was a "predator." The court based this finding on McGee's significant criminal history: In July 2002, when he was 14 years old, McGee was charged with two counts of aggravated rape for orally and anally raping two of his brothers, then six years old and nine years old, respectively.[2] He was adjudicated delinquent and was sentenced to two years of probation in August 2002. McGee violated the terms of his probation on several grounds, including his November 2002 arrest for aggravated battery. Following that

---

and travels in interstate commerce to knowingly fail to register or update a registration." *Id.* (citing 18 U.S.C. § 2250(a)).

[2] McGee's presentence investigation report ("PSR") indicates that he had raped his brothers previously, approximately one year prior to his arrest in July 2002.

2

No. 13-30691

arrest, he was adjudicated delinquent in January 2003 for the offense of sexual battery and was sentenced to a term of imprisonment not to exceed two years. While in custody, McGee received 54 disciplinary infractions for such behavior as aggravated disobedience, destruction of property, and aggravated sex offenses.[3] He was released from incarceration in December 2004.

Less than two months later, McGee was arrested for raping his 15-year-old brother. In March 2006, he pleaded guilty to simple rape and was sentenced to a five-year term of imprisonment, which was suspended, and he was placed on probation for five years. McGee was also required to register as a sex offender for life. Five months after that, McGee's probation was revoked because he failed to register as a sex offender, absconded from probation, failed to participate in treatment, and had contact with his victim. In August 2006, he was ordered to serve the original sentence of five years of imprisonment.

McGee was again released, this time in April 2010. One month later, he was arrested for again failing to register as a sex offender. He pleaded guilty and was sentenced to two years of imprisonment. He was next released from incarceration in May 21, 2012, and that same day registered as a convicted sex offender with the Bossier Parish (Louisiana) Sheriff's Department ("BPSD"). McGee did not, however, pay the associated community notification fee required under Louisiana law because he did not have the funds to do so. The BPSD granted him an extension to pay the fee. When McGee failed to make payment, an arrest warrant issued for his failure to register as a sex offender.

Unbeknownst to the BPSD, McGee left Louisiana and traveled to Arkansas,[4] in violation of federal law, after his release in May 2012. The BPSD

---

[3] These "aggravated sex offenses" include behavior such as masturbating in public view of the institution's staff and "touching people in showers."

[4] McGee likewise did not register as a sex offender in Arkansas.

3

eventually located McGee in August 2012. When officers attempted to arrest him, McGee fled on foot and had to be tackled before he could be taken into custody. As a result, he was charged with resisting an officer with force or violence, in violation of Louisiana law.[5] A federal grand jury returned a one-count indictment charging him with failure to register as a sex offender in violation of SORNA.

McGee moved to dismiss the indictment, asserting that Congress improperly delegated to the Attorney General the authority to determine whether SORNA would apply retroactively to persons, such as he, who were convicted before the Act became law. He argued that SORNA was unconstitutional because it violated the non-delegation doctrine of Article I, sections 1 and 8 of the United States Constitution. The district court denied the motion, reasoning that McGee's argument was foreclosed by our decision in *United States v. Whaley*.[6] McGee then entered a conditional guilty plea pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, reserving the right to appeal the district court's denial of his motion to dismiss the indictment.

The probation officer conducted a presentence investigation and calculated McGee's advisory Guidelines range to be 18 to 24 months of imprisonment. The PSR also identified several grounds for a variance under 18 U.S.C. § 3553(a) ("§ 3553(a)") for the district court to consider in imposing sentence. At McGee's sentencing hearing, the district court adopted the PSR's factual findings and concluded that, in light of the "special circumstances presented by th[e] defendant," the Guidelines' recommended sentence was

---

[5] McGee's counsel informed the district court at sentencing that McGee pleaded guilty to this charge and received a three-year sentence.

[6] 577 F.3d 254 (5th Cir. 2009).

"woefully inadequate."  The district court varied upward, sentencing McGee to an 84-month term of imprisonment and a lifetime term of supervised release, subject to several special conditions that are addressed below.  McGee objected to the length of his term of imprisonment and specific special conditions regarding sexually arousing material.  The district court denied the objections and entered judgment.

McGee timely filed a notice of appeal, and he presents three questions for our consideration: (1) Is his 84-month, above-Guidelines sentence substantively unreasonable; (2) are the special conditions prohibiting him from possessing or viewing sexually arousing material and requiring the installation of filtering software reasonably related to the goals of supervised release; and (3) does SORNA violate the non-delegation doctrine by permitting the Attorney General to determine whether the Act should be applied retroactively to sex offenders who were convicted before it became effective? We answer each in turn.

## II.  ANALYSIS

### A.    Substantive Reasonableness

First, McGee claims that his 84-month, above-Guidelines sentence is substantively unreasonable.  He contends that the facts of his case do not support such a lengthy term of imprisonment and further underscores that he has not been convicted of a sex offense since he was 16 years old.  Following the Supreme Court's decision in *United States v. Booker*,[7] "in which the Court rendered the Guidelines advisory only, appellate courts review sentences for reasonableness under an abuse-of-discretion standard."[8]     This review

---

[7] 543 U.S. 220 (2005).

[8] *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 594 (2007)).  Had McGee not timely objected regarding the reasonableness of his sentence, we would review for plain error. *United States*

comprises two steps: "First, the court must ensure that the district court did not err procedurally by, for example, miscalculating or failing to calculate the sentencing range under the Guidelines, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."[9] Then, "[i]f the sentence is procedurally proper, the court engages in a substantive review based on the totality of the circumstances."[10]

"Appellate review is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant."[11] In determining the substantive reasonableness of the sentence, we should consider "the totality of the circumstances, including the extent of any variance from the Guidelines range."[12] A major deviation from the Guidelines range requires greater justification than a minor one.[13] We "may consider the extent of the deviation," but we "must give due deference to the district court's decision that the §

---

*v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (citing *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007)).

[9] *Mondragon-Santiago*, 564 F.3d at 360 (citing *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008)). McGee does not argue that the district court committed any procedural error.

[10] *Id.* (citing *Cisneros-Gutierrez*, 517 F.3d at 764; *Gall*, 552 U.S. at 51).

[11] *United States v. Key*, 599 F.3d 469, 473 (5th Cir. 2010) (quoting *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008)) (internal quotation marks omitted).

[12] *Brantley*, 537 F.3d at 349 (quoting *Gall*, 552 U.S. at 51) (internal quotations marks omitted).

[13] *Gall*, 552 U.S. at 50.

3553(a) factors, on a whole, justify the extent of the variance."[14]  "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors."[15]  Ultimately, the "fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."[16]

McGee contends that there was "nothing extraordinary about th[e] particular failure to register offense" at issue in this appeal, and thus the district court abused its discretion in varying upward to sentence him to 84 months of imprisonment.  Although he concedes that "he had committed sex offenses against minors while he was still a minor himself" and that "he had two prior failure to register convictions in state court," McGee argues that this "relatively run-of-the-mill set of circumstances does not support the district court's upward" variance.[17]  We disagree.

---

[14] *Id.* at 51.

[15] *United States v. Fraga*, 704 F.3d 432, 440 (5th Cir. 2013) (citing *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006)).

[16] *Id.* (quoting *Gall*, 552 U.S. at 51) (internal quotation marks omitted).

[17] Although he objected to his sentence at the sentencing hearing, McGee did not challenge the facts contained in the PSR, which the court adopted.  "When making factual findings for sentencing purposes, a district court 'may consider any information which bears sufficient indicia of reliability to support its probable accuracy.'" *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013) (per curiam) (quoting *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012)).  Generally, "a PSR bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations." *Id.* at 591 (quoting *Harris*, 702 F.3d at 230) (internal quotation marks omitted). Nevertheless, "[b]ald, conclusionary statements" in a PSR are not sufficiently reliable. *Harris*, 702 F.3d at 230 n.2 (quoting *United States v. Elwood*, 999 F.2d 814, 817-18 (5th Cir. 1993)).  "If the factual recitation [in the PSR] lacks sufficient indicia of reliability, then it is error for the district court to consider it at sentencing—regardless of whether the defendant objects or offers rebuttal evidence."

No. 13-30691

At the sentencing hearing, the district court recounted the details of McGee's criminal history, beginning with the sexual assaults on his younger brothers, for which the court noted "he was originally charged with two counts of aggravated rape for oral and anal intercourse." The court further observed that, following his initial arrest, McGee began a pattern of quickly reoffending each time he was released from custody. The court also recognized that, while in custody, McGee engaged in "disruptive behavior on many levels," leading to his placement in "administrative segregation."

Based on the facts set forth in the PSR, the court found that McGee was a "predator" who had "a history of aggressive behavior toward the victims," "noncompliant behavior with law enforcement," and "disrespect for the law." In sum, because McGee's "prior history of correctional supervision ha[d] proven to be unsuccessful," the court "believe[d] [he] present[ed] a high risk of recidivism" and found the advisory Guidelines range to be "woefully inadequate" to "protect the public"—which was "of paramount concern" to the court. The court therefore sentenced McGee to 84 months of imprisonment in light of the § 3553(a) factors—most importantly, the nature and circumstances

---

*Zuniga*, 720 F.3d at 591 (quoting *Harris*, 702 F.3d at 231). On the other hand, "if the factual recitation in the PSR bears sufficient indicia of reliability, then the 'defendant bears the burden of demonstrating that the PSR is inaccurate; in the absence of rebuttal evidence, the sentencing court may properly rely on the PSR and adopt it.' " *Id.* at 591 (quoting *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009)). Rebuttal evidence must consist of more than a defendant's objection; it requires a demonstration that the information is "materially untrue, inaccurate or unreliable." *Harris*, 702 F.3d at 230.

Other than the conclusional statement that "there is no other reliable evidence in the record" to support his sentence, McGee does not argue that the district court erred in relying on the information contained in his PSR. As a result, McGee has waived any argument with respect to this issue. *United States v. Banks*, 624 F.3d 261, 264 (5th Cir. 2010). Furthermore, even assuming *arguendo* McGee had properly briefed this issue, the statements contained in his PSR had an adequate evidentiary basis with sufficient indicia of reliability and the district court could rely on them. *Harris*, 702 F.3d at 231.

8

of the offense and the history and characteristics of the defendant,[18] as well as the need for the sentence imposed (1) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense;[19] (2) to afford adequate deterrence to criminal conduct;[20] (3) to protect the public from his further crimes;[21] and (4) to provide him with the needed educational or vocational training, or other correctional treatment.[22]

The district court was justified in giving significant weight to McGee's criminal history and to his characteristics, which reflected his lack of respect for the law and likelihood to reoffend.[23] Although McGee's 84-month sentence is 60 months greater than the top of the Guidelines range, we have upheld similar and even greater variances.[24] McGee has not shown that the district court committed a clear error of judgment in balancing the § 3553(a) factors.[25] Rather, his arguments constitute a mere self-serving disagreement with the

---

[18] 18 U.S.C. § 3553(a)(1).

[19] 18 U.S.C. § 3553(a)(2)(A).

[20] 18 U.S.C. § 3553(a)(2)(B).

[21] 18 U.S.C. § 3553(a)(2)(C).

[22] 18 U.S.C. § 3553(a)(2)(D).

[23] *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006) (holding that a defendant's criminal history is a factor that a court may consider in imposing a non-Guidelines sentence).

[24] *See Brantley*, 537 F.3d at 348-50 (upholding a variance to concurrent terms of 120 months and 180 months from a Guidelines range of 41 to 51 months); *United States v. Herrera-Garduno*, 519 F.3d 526, 531-32 (5th Cir. 2008) (affirming upward variance from the Guidelines range of 21 to 27 months to 60 months based on the defendant's criminal history, primarily because the district court disagreed with how drug-trafficking offenses are defined by the Guidelines); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006) (affirming an upward variance or departure to 120 months from a Guidelines range of 46 to 57 months).

[25] *See Smith*, 440 F.3d at 708.

No. 13-30691

district court. In light of the significant deference that is owed to the district court's consideration of the § 3553(a) factors and the stated reasons for its sentencing decision, McGee fails to demonstrate that the 84-month above-Guidelines sentence is substantively unreasonable.[26]

## B.    Supervised Release Special Conditions

McGee next challenges the special conditions of supervised release which prohibit him from possessing or viewing sexually arousing material and require the installation of filtering software regarding such material.[27] According to McGee, as there was no evidence in the record suggesting that (1) any kind of sexually arousing material was involved in his current or prior offenses or (2) he used the internet to assist in his prior offenses, these special conditions are "unreasonable because they are not tied [to] any aspect of" his

---

[26] *See Gall*, 552 U.S. at 50-53; *Brantley*, 537 F.3d at 349.

[27] The challenged special conditions provide in full:

> (3)   The defendant shall neither possess nor have under his control any material, legal or illegal, that contains nudity or depicts or alludes to sexual activities or depicts sexually arousing material. This includes but is not limited to any material obtained through access to any computer and/or communication device, including a computer and/or communication device (includ[ing] a smart phone) for employment purposes, or any material linked to computer and/or communication device access or use.

> (4)   The defendant shall not receive or transmit any sexually arousing material, including child pornography, via the internet nor visit any website, including chat rooms or bulletin boards, containing any sexually arousing material, including child pornography. The defendant shall install filtering software on any computer he possesses or uses which will monitor/block access to sexually oriented websites. The defendant shall pay the costs of the filtering software/services as directed by U.S. Probation.

crimes and are not reasonably related to the statutory supervised release factors.

When a defendant contemporaneously objects to the imposition of supervised release conditions, as McGee did here, we review the district court's sentence for abuse of discretion.[28] "A district court has wide discretion in imposing terms and conditions of supervised release. However, this discretion is limited by 18 U.S.C. § 3583(d), which provides that a court may impose special conditions of supervised release only when the conditions" are reasonably related to at least one of four specific § 3553(a) factors.[29] "In addition to being related to at least one of the four factors, a condition of supervised release cannot involve a greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553."[30] Finally, the "Supreme Court has recognized that the congressional policy in providing for a term of supervised release after incarceration is to improve the odds of a successful transition from the prison to liberty."[31]

With respect to whether these special conditions are reasonably related to the goals of supervised release, we have upheld similar restrictions,

---

[28] *United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir. 2009).

[29] *United States v. Carrillo*, 660 F.3d 914, 930 (5th Cir. 2011) (quoting *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001)) (internal quotation marks omitted); *Weatherton*, 567 F.3d at 153). These § 3553(a) factors are (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the need "to afford adequate deterrence to criminal conduct," (3) the need "to protect the public from further crimes of the defendant," and (4) the need "to provide the defendant with needed [training], medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1) & (a)(2)(B)-(D).

[30] *United States v. Tang*, 718 F.3d 479, 482 (5th Cir. 2013) (quoting 18 U.S.C. § 3583(d)(2)) (internal quotation marks omitted). McGee does not argue that the challenged supervised release conditions unduly deprive him of his liberty.

[31] *Id.* (quoting *Johnson v. United States*, 529 U.S. 694, 708-09 (2000)) (internal quotation marks and brackets omitted).

although admittedly not on identical facts.[32]   In this case, the district court acknowledged that the record did not reveal any evidence that McGee had access to child pornography, that such material contributed to his prior offenses, or that he used the Internet in committing his prior crimes.  The court nevertheless justified the restrictions as "a precaution, purely protective" because of its concern "about the stimulation factor motivating [McGee] for additional types of conduct consistent with child molestation."   In light of McGee's very troubling, sexually deviant criminal history, we conclude that the challenged special conditions are reasonably related to the relevant § 3553(a) factors, as they will tend to protect the public from further crimes. McGee has failed to demonstrate that the district court abused its discretion in imposing them as special conditions of supervised release.[33]

---

[32] *See, e.g., United States v. Ellis*, 720 F.3d 220, 226-27 (5th Cir.), *cert. denied*, 2013 WL 4456638 (Dec. 2, 2013) (upholding, in a child pornography case, a special condition prohibiting the possession of sexually stimulating material because the crime was "sexual in nature" and the restriction was reasonable to restrict the defendant's "access to sexually stimulating material more broadly in an effort to prevent future crimes or aid in his rehabilitation"); *United States v. Hilliker*, 469 F. App'x 386, 389 (5th Cir. Apr. 13, 2012) (unpublished) (upholding, in a SORNA failure-to-register case, special conditions prohibiting all access to computers, the Internet, cameras, photographic equipment, and other electronic equipment without the permission of his probation officer, and prohibiting the purchase or possession of any sexually oriented material, when the defendant admitted that viewing pornography contributed to his fondling of underage girls); *Weatherton*, 567 F.3d at 151-52 (upholding, in a case in which the defendant pleaded guilty to making a false FEMA claim, but also had prior convictions for forcible rape and aggravated burglary, a special condition prohibiting the possession of any "sexually explicit materials as defined in 18 U.S.C. § 2256(2)").

[33] We recognize that another panel of this court recently vacated and remanded a similar special condition imposed in a SORNA failure-to-register case. *See United States v. Salazar*, __ F.3d __, 2014 WL 700077 (5th Cir. Feb. 24, 2014).  After reviewing the record in that case, the *Salazar* court determined that it could not uphold the challenged condition as there was "insufficient evidence of a reasonable relationship between the condition and the statutory factors." *Id.* at *6.  The court therefore concluded that "district court abused its discretion by not explaining how [the condition was] reasonably related to the goals of supervised release." *Id.* at *4 & *6.  Here, by contrast, the district court identified McGee's significant criminal history involving several sexual assaults and his pattern for quickly reoffending following

## C.   SORNA and the Non-Delegation Doctrine

McGee lastly contends that the district erred in denying his motion to dismiss the indictment, insisting that Congress violated the non-delegation doctrine of Article I, sections 1 and 8 of the United States Constitution by giving the Attorney General the authority to determine whether SORNA applies retroactively to persons like McGee, who were convicted before the Act became effective.  We review such constitutional claims *de novo*.[34]

Although McGee concedes that this claim is foreclosed by our decisions in *Johnson*[35] and *Whaley*,[36] he seeks to preserve the issue for further review. McGee, therefore, urges that the Supreme Court's subsequent decision in *Reynolds*[37] calls into question our prior holdings.  *Reynolds*, however, neither explicitly nor implicitly overruled *Johnson* and *Whaley*.  We are thus bound by those decisions under our rule of orderliness.[38]  The issue is foreclosed.[39]

## CONCLUSION

We hold that (1) McGee's sentence is substantively reasonable,  (2) the challenged special conditions are reasonably related to the goals of supervised

---

release when carefully explaining its reasons for imposing the special conditions and how they related to the goals of supervised release.

[34] *United States v. Johnson*, 632 F.3d 912, 917 (5th Cir. 2011).

[35] *Id.*

[36] *United States v. Whaley*, 577 F.3d 254, 263-64 (5th Cir. 2009).

[37] *Reynolds v. United States*, 132 S. Ct. 975 (2012).

[38] *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013) ("Under our rule of orderliness, only an intervening change in the law (such as by a Supreme Court case) permits a subsequent panel to decline to follow a prior Fifth Circuit precedent.") (citing *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008)).

[39] *United States v. Southerland*, __ F. App'x __, 2013 WL 5461838, at *1 (5th Cir. Oct. 2, 2013) (unpublished) ("*Reynolds*, however, did not explicitly or implicitly overrule *Johnson* and *Whaley*; accordingly, we are bound by those decisions.").

No. 13-30691

release, and (3) SORNA does not violate the non-delegation doctrine. The district court's sentence and judgment are, therefore, AFFIRMED.