**UNITED STATES of America,
Plaintiff–Appellee**

v.

**David Guillermo SANCHEZ,
Defendant–Appellant.**

**No. 13–51031
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 2, 2014.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Donna F. Coltharp, Assistant Federal Public Defender, Maureen Scott Franco, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM: *

David Guillermo Sanchez argues that the imposition upon the revocation of his supervised release of a 24–month prison sentence, which is above the guidelines policy range but at the statutory maximum, is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). Specifically, he argues that the sentence imposed "overstates his breach of trust" and does not address his drug addiction.

To preserve the issue for further review, Sanchez, relying upon *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), argues that revocation sentences should be reviewed for "reasonableness." However this court reviews such sentences under 18 U.S.C. § 3742(a)(4)'s "plainly unreasonable" standard. *United States v. Miller,* 634 F.3d 841, 843 (5th Cir.2011). Revocation sentences exceeding the policy statements range but not exceeding the statutory maximum have been upheld as a matter of routine and are not plainly unreasonable. *See United States v. Warren,* 720 F.3d 321, 332–33 (5th Cir.2013). In this case, the sentencing court listened to Sanchez's arguments concerning his drug addiction but considered his criminal history, the fact that he received a below-guidelines sentence for his drug conviction, and the fact that he nevertheless, upon his release from prison, quickly violated the terms of his supervised release. A defendant's history and characteristics are proper factors for a court's consideration in imposing a revocation sentence. *See* § 3553(a)(1); § 3583(e). Accordingly, Sanchez's revocation sentence was not plainly unreasonable. *See Miller,* 634 F.3d at 843.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.