# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 14-30151

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FERNANDO FERNANDEZ,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2015

Lyle W. Cayce
Clerk

---

Appeal from the United States District Court
for the Western District of Louisiana

---

Before STEWART, Chief Judge, and BARKSDALE and GRAVES, Circuit Judges.

PER CURIAM:

In 2013, Fernando Fernandez was convicted, pursuant to his guilty plea, of failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a). He challenges a life-term special condition of supervised release, requiring him to "install [computer] filtering software . . . block[ing]/monitor[ing] access to sexually oriented websites" for "any computer he possesses or uses". At issue is whether the court abused its discretion by imposing the software-installation special condition in the light of, *inter alia*, Fernandez' neither using a computer nor the Internet in committing either his current offense (failing to register as a sex offender) or his underlying sex offense (sexual assault of a child).

No. 14-30151

SPECIAL CONDITION REQUIRING SOFTWARE-INSTALLATION VACATED; REMANDED FOR ENTRY OF CORRECTED JUDGMENT.

**I.**

The following facts concerning Fernandez' state offense of sexual assault of a child are provided in his presentence investigation report (PSR), to which neither Fernandez nor the Government objected. In 2003, at age 20, Fernandez committed the following offenses against a 14-year-old: two acts of intercourse and one of oral sex. The PSR does not state the sexual offenses were committed forcibly. In 2005, a Texas state court convicted Fernandez of first-degree sexual assault of a child; he was sentenced to four years' imprisonment and required by Texas law to register as a sex offender for life.

Fernandez was released from prison in Texas in 2009. Later, he moved from Texas to Louisiana, but failed to register in Louisiana as a sex offender, contrary to 18 U.S.C. § 2250(a) ("Whoever is required to register under the Sex Offender Registration and Notification Act; is a sex offender . . . ; or travels in interstate or foreign commerce . . . ; and knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act; shall be fined under this title or imprisoned not more than 10 years, or both."). In 2013, Fernandez was arrested in Louisiana, after threatening an individual with a knife. It was discovered that he had not registered as a sex offender since moving to the State. He pleaded guilty in 2013 to failing to register as a convicted sex offender.

Fernandez was sentenced, *inter alia*, to 21 months' imprisonment; the above-referenced special condition imposed a life-term requirement that he, *inter alia*, install and maintain, at his cost, "filtering software on any computer he possesses or uses which will monitor/block access to sexually oriented websites". At sentencing, Fernandez objected to the software-installation provision "as being overreaching and overbroad", because "none of his underlying crimes nor . . . [his failure-to-register] crime had anything to do with a computer . . .". In overruling

2

No. 14-30151

the objection to the software-installation provision, the court provided the following justification: "'Failure to register' means he's a sex offender in the past. Ease of access through the Internet".

## II.

Imposition of a special condition of supervised release is reviewed for abuse of discretion. *United States v. Rodriguez*, 558 F.3d 408, 412 (5th Cir. 2009). In conjunction with a life-term of supervised release, the court imposed several special conditions related to Fernandez' being a sex offender. The one at issue (in italics) is found in the following special condition, which contains three provisions:

> 3. The defendant shall not receive or transmit any sexually arousing material, including child pornography, via the [I]nternet nor visit any website, including chat rooms or bulletin boards containing any sexually arousing material, including child pornography. *The defendant shall install filtering software on any computer he possesses or uses which shall monitor/block access to sexually oriented websites.* The defendant shall pay the costs of the filtering software/services as directed by U.S. Probation.

(Emphasis added.)

Fernandez challenges only the provision in the special condition requiring his installing the filtering software (the software-installation special condition). In maintaining the court abused its discretion by imposing the software-installation special condition, he asserts it is unrelated to his failure-to-register or sexual-assault offenses. In support, he claims requiring him to install the filtering software provides no deterrent or protective value, and will disadvantage him educationally and in his work.

The criminal history provided in his PSR lists the two above-described convictions. His other criminal-related history includes two arrests as a juvenile and four as an adult; none involved either a sexual offense or an offense involving computer use.

Understandably, district courts generally have broad discretion in imposing special conditions of supervised release. *United States v. Miller*, 665 F.3d 114,

No. 14-30151

132 (5th Cir. 2011). This broad discretion, however, must comport with the limits provided in 18 U.S.C. § 3583(d), which provides, *inter alia*, that supervised-release conditions must be "reasonably related" to the following factors: the nature and circumstances of the offense; affording adequate deterrence to criminal conduct; the protection of the public from further crimes by defendant; and providing defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *See also* 18 U.S.C. § 3553(a) (sentencing factors considered by district courts). In addition, special conditions must: "involve[] no greater deprivation of liberty than is reasonably necessary" to serve the purposes of § 3553(a)(2)(B) (deterrence), (a)(2)(C) (protection of the public), and (a)(2)(D) (educational or vocational training, medical care, or other correctional treatment); and be "consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(a) . . . ". 18 U.S.C. § 3583(d)(2), (3). A special condition must be related to at least one factor. *E.g., Miller*, 665 F.3d at 126 (citation omitted).

Furthermore, for sex offenses, the Guidelines address computer use, recommending district courts impose "[a] condition limiting the use of a computer or an interactive computer service *in cases in which the defendant used such items*". U.S.S.G. § 5D1.3(d)(7)(B) (emphasis added). Regardless, "[a] district court has discretion to craft conditions of supervised release, even if the Guidelines do not recommend those conditions". *United States v. Windless*, 719 F.3d 415, 421 (5th Cir. 2013) (citation omitted).

Although our court has previously considered challenges to special conditions involving limitations or bans on computer and Internet use, none of our precedent addresses directly whether, as in this instance, a court abuses its discretion by imposing a software-installation special condition, "block[ing]/ monitor[ing]" computer access to "sexually oriented websites", when defendant has a single, prior sex-related conviction and neither defendant's offense, nor his related criminal history, involved computer or Internet use. Each imposition of a

special condition turns, of course, on its own facts and applicable law; but, the following three decisions by our court provide guidance for, and offer informative contrasts to, the issue at hand.

In *United States v. Tang*, in which defendant received, *inter alia*, five-years' supervised release, our court vacated a computer-use special condition broader than the one at hand.   718 F.3d 476, 479, 483–84 (5th Cir. 2013).   The special condition provided:

> The defendant shall not subscribe to any computer online service or access any [I]nternet service during the length of his supervision unless approved in advance by the probation officer.

> The defendant may not possess [I]nternet cable software on any hard drive, disk, floppy disk, DVD, diskette, or any other electronic storage media unless approved in advance by the probation officer.

*Id.* at 480.

In some respects, *Tang* involves somewhat similar facts:  defendant, with one prior sex-related-offense conviction, failed to register as a sex offender, and the district court banned defendant's computer and Internet use.  *Id.* at 479–80. *Tang* differs, however, in three material respects:  Tang touched a 13-year-old's breast and kissed her, while Fernandez engaged in, *inter alia*, sexual intercourse with a 14-year-old; the court prohibited Tang's computer and Internet use entirely, without prior approval from a probation officer, as opposed to the software-installation special condition at issue in this appeal, which "block[s]/monitor[s]" Fernandez' access to "sexually oriented websites"; and Tang's special condition is for five years, while Fernandez' is for life.

Our court held the district court abused its discretion, holding the special condition was "not reasonably related to the factors set forth in [18 U.S.C.] § 3553(a) and involve[d] a greater deprivation of liberty than reasonably necessary".  *Id.* at 484 (citation and internal quotation marks omitted).   In particular, our court ruled the special condition did not relate to the nature and circumstances of defendant's offense of failing to register as a sex offender, and

No. 14-30151

did not relate to the history and characteristics of defendant, because he had "never committed an offense over the Internet and his prior conviction for assault with intent to commit sexual abuse did not involve any use of a computer or the finding of the minor victim online". *Id.* Our court further held the ban "only marginally promoted" deterrence, and had "the potential to stifle any educational and vocational training". *Id.* (citation and internal quotation marks omitted).

On the other hand, in two unpublished (non-precedential) opinions, our court has upheld special conditions burdening computer and Internet use where, as here, there is no connection between such use and defendant's offense or criminal history. In *United States v. McGee*, after defendant was convicted of failing to register as a sex offender, the same district judge as the one who imposed the special condition at issue here imposed the same life-term, computer-related special condition imposed in this case, even though defendant's numerous prior sex offenses were unrelated to a computer or the Internet. 559 F. App'x 323, 329–30 (5th Cir. 2014). For that special condition, defendant objected to both the "possessing and viewing sexually arousing material" and the installation-of-filtering-software provisions of the special condition. *Id.* at 325, 328–29. (Again, at issue here is only the software-installation provision; Fernandez does not object to the sexually-arousing-material provision.) Noting defendant's "very troubling, sexually deviant criminal history", our court affirmed the imposition of both provisions in the special condition as "a precaution[ary], purely protective" measure, due to its concern about the Internet as a source of sexual stimulation, describing the special condition as "reasonably related to the relevant § 3553(a) factors, as they will tend to protect the public from further crimes". *Id.* at 330.

Similarly, in *United States v. Hilliker*, but pursuant to review only for plain error, our court held the district court had not committed such error in imposing a 20-year supervised-release special condition which banned computer and Internet use, even though defendant's multiple incidents of contact with minors had no connection to the Internet. 469 F. App'x 386, 388 (5th Cir. 2012). In doing

so, our court noted defendant admitted in district court that "[I]nternet pornography was a factor in clouding his judgment regarding the propriety of touching or fondling young girls in public places". *Id.* at 388–89; *see also United States v. Moran*, 573 F.3d 1132, 1140 (11th Cir. 2009) (upholding a condition banning Internet access when defendant's prior underlying sex offenses were unrelated to Internet use, noting, "[a]lthough the [I]nternet provides valuable resources for information and communication, it also serves as a dangerous forum in which an offender can freely access child pornography and communicate with potential victims").

The facts in this appeal fall between *McGee/Hilliker* and *Tang*. Fernandez' sexual assault of a 14-year-old child resembles defendant's in *Tang*, in that it was his only sex-related offense, even though it was far more serious than Tang's. *See* 718 F.3d at 479–80. And, similar to Tang, but unlike defendants in *McGee* and *Hilliker*, Fernandez does not have an extensive sex-offense criminal history and his PSR does not provide that his prior sex offense was predatory in nature. *See McGee*, 559 F. App'x at 324; *Hilliker*, 469 F. App'x at 388 (each district court finding defendant a "predator"). Moreover, as discussed, Fernandez does not challenge the provision in the special condition which proscribes his "receiv[ing] or transmit[ting] any sexually arousing material, including child pornography, via the Internet [or] visit[ing] any website, including chat rooms or bulletin boards containing any sexually arousing material, including child pornography". But the effect of the special condition is identical to that in *McGee* (in which the same three-provision special condition was imposed): it restricts, but does not ban, Fernandez' Internet access.

Again, this case turns on its own facts. In analyzing them, *Tang*'s reasoning is persuasive. Further, *McGee* and *Hilliker* are not binding precedent, and are nevertheless distinguishable because those decisions involved defendants with lengthier, and more serious, "predatory" sex-offense-related criminal records.

No. 14-30151

In the light of the facts at hand, the district court abused its discretion in imposing the software-installation special condition provision at issue, when, *inter alia*, neither his failure-to-register offense nor his criminal history has any connection to computer use or the Internet. Similar to *Tang*, the special condition imposed in this instance is related neither to the nature and circumstances of Fernandez' offense (failing to register as a sex offender) nor his criminal history and characteristics.

Along that line, the district court's reason for justifying the special condition is not sufficiently tied to the facts. As noted, for justifying its imposition, the court stated: "'Failure to register' means he's a sex offender in the past. Ease of access through the Internet". In the absence of evidence to the contrary, the court's general concerns about recidivism or that Fernandez would use a computer to perpetrate future sex-crimes are insufficient to justify the imposition of an otherwise unrelated software-installation special condition.

**III.**

For the foregoing reasons, the special condition requiring software installation is VACATED; this matter is REMANDED for entry of the corrected judgment.