**Order issued January 27, 2015**



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-13-01027-CR

---

**RODNEY MILUM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1347043**

---

## ABATEMENT ORDER

Appellant, Rodney Milum, pleaded guilty to the offense of sexual assault of

a child.  After a trial by jury, he was found guilty and sentenced to two years with

the Texas Department of Criminal Justice. The court suspended his sentence in favor of eight years' community supervision. 41 conditions of community service were imposed, including:

- You may enter a church, synagogue or other place of worship only to attend a public service. You may arrive fifteen (15) minutes prior to service and you must depart the place of worship immediately following the service. You may not enter any area of the place of worship where children's classes are being conducted or where children play or engage in other activities beginning 10/18/2013. (Item number 26 in Conditions of Community Supervision).
- You may not access to the Internet through any manner of method, beginning 10/18/2013 for any reason unless specifically ordered by the Court. (Item number 32 in Conditions of Community Supervision).

Milam's original court-appointed counsel on appeal, Melissa Martin, filed a motion to withdraw from representing Milum and an *Anders* brief in which she opined that no valid grounds for appeal exist and that Milum's appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Milum filed a pro se response arguing ineffective assistance of counsel in regards to informing him of possible sexual offender registration requirements. The State waived its opportunity to file an appellee's brief.

- 2 -

We previously granted Martin's motion to withdraw and abated the case for appointment of new counsel to address particular issues which we believe to be arguable on appeal in regards to conditions of community supervision. The newly appointed counsel on appeal, Deborah Summers, did address those issues, however she did so in an *Anders* brief and motion to withdraw in which she opines that no valid grounds for appeal exist and that Milum's appeal is frivolous. *Id.*

When this Court receives an *Anders* brief from an appellant's court-appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (same); *Martin v. Dep't of Family & Protective Servs.*, No. 01-07-00842-CV, 2009 WL 276759, at *1 (Tex. App.—Houston [1st Dist.] Feb. 5, 2009, pet. denied) (stating that reviewing court must conduct independent review of entire record to determine whether arguable grounds for appeal exist). An arguable ground for appeal is a ground that is not frivolous; it must be an argument that could "conceivably persuade the court." *See In re Schulman*, 252 S.W.3d 403, 407 n.12 (Tex. Crim. App. 2008) (quoting *McCoy v. Court of Appeals of Wisc.,*

*Dist. I*, 486 U.S. 429, 436, 108 S. Ct. 1895, 1901 (1988)). However, "[w]hen we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal." *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, no pet.) (citing *Wilson v. State*, 976 S.W.2d 254, 257 n.4 (Tex. App.—Waco 1998, no pet.)).

Our role in this *Anders* appeal is limited to determining whether arguable grounds for appeal exist. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). If we determine that arguable grounds for appeal exist, we must abate the appeal and remand the case, and Milum is entitled to have new counsel address the merits of the issues raised. *Id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.*

In accordance with *Anders*, 386 U.S. at 744–45, 87 S. Ct. at 1400, and *Bledsoe*, 178 S.W.3d at 826–27, we have reviewed the record and appointed counsel's *Anders* brief. The record on appeal suggests that there are arguable grounds for appeal with regards to the conditions of community supervision applied to Milum.

We **abate this appeal and remand the cause for the trial court to appoint new appellate counsel to represent Milum within 30 days of the date of this**

**order**.  The newly appointed counsel's brief will be due 30 days from the date counsel is appointed, **regardless of whether this Court has yet reinstated the appeal**, and counsel is required to:

(1) fully investigate and make a conscientious examination of the record;

(2) address all arguable, non-frivolous grounds for appeal in a brief on the merits;

(3) **specifically** address the issue of whether any or all the 41 conditions of community supervision imposed by the trial court are overbroad, invalid as unrelated to the crime alleged, or facially unconstitutional.  *See, e.g. U.S. v. Fernandez*, 2015 WL 178999 (5th Cir. Jan. 14, 2015); *U.S. v. Tang*, 718 F.3d (5th Cir. 2003); *Barton v.* State, 21 S.W.3d 287, 289 (Tex. Crim. App. 2000); Mitchell *v. State*, 420 S.W.3d 448 (Tex. App.— Houston [14th Dist.] 2014); TEX. CODE CRIM. P. art. 42.12 §11 (a); *cf. Doughty v. State*, 2014 WL 5465697 (Tex. App.—Houston [1st Dist.] October 28, 2014, no pet.);

(4) whether failure to object to any of the conditions of community supervision constituted ineffective assistance of counsel;

(5) whether the principle of waiver applies where there is a failure to object to or preserve error in regards to an unconstitutional order;

(6) address any other grounds counsel deems appropriate.

*See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005) ("The court's duty is to determine whether there are any arguable grounds and if there are, to remand to the trial court so that new counsel may be appointed to brief the issues."); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) ("If grounds are deemed arguable, the Court of Appeals then must abate the appeal and remand the case to the trial court with orders to appoint other counsel to present those and any other grounds that might support the appeal.").

We further **order** that a supplemental clerk's record be filed with this court containing the name, address, and state bar number of the new counsel appointed within 30 days of the date of this order.

We **grant** counsel Deborah Summer's motion to withdraw.

The appeal is **abated**, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when Milum's brief is filed in this Court.

It is so **ordered**.

Judge's signature: _____/s/_ Harvey Brown
                  X  Acting individually     ☐  Acting for the Court

Panel consists of Justices Massengale, Brown, and Huddle.