# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20628
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TAMNY DENISE WESTBROOKS, also known as Tammy Westbrooks, also
known as Tammy Westbrook,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-355-1

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Having been convicted for filing false tax returns, Tamny Denise
Westbrooks, on resentencing, was sentenced to 38 months' imprisonment and
one year of supervised release. She challenges the imposition of a condition of
supervised release—also imposed at the original sentencing—requiring her to
participate in a mental-health program. Because Westbrooks objected to the

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

imposition of the condition, review is for abuse of discretion. *United States v. Fernandez*, 776 F.3d 344, 345 (5th Cir. 2015).

For resentencing, the probation officer included the following in the presentence investigation report (PSR), under the heading "Mental and Emotional Health":  Westbrooks "advised that although she has been anxious and stressed since agents arrived at the tax service business in preparation for charging her with the instant offense, she has managed by relaxation and exercise"; she had "strong feelings about the facts that were presented in her trial, and believe[d] that the agent fabricated a lot of the evidence against her"; "she believe[d] that her home phone [was] 'tapped' and that the agent who handled her case [was] 'out to get her'"; and, when the probation officer asked her about attending counseling services, she advised she did not feel she needed professional counseling, and was able to manage her anxiety.  The probation officer recommended participation in a mental-health program as a special condition of supervised release, and justified it by explaining Westbrooks "displayed signs of mental and emotional issues during a discussion with this probation officer".

At the resentencing hearing, when the district court ordered Westbrooks participate in a mental-health program, she objected that the requirement of a mental-health treatment condition was not supported by any evidence.  The court considered the objection and denied it, explaining that, at some point in the future, it might reconsider how much more mental help Westbrooks needed.  But, "given [her] history of complete defiance of the truth, the lying, cheating, and dissembling and [her] other conduct", the court found the condition appropriate.

In contesting the imposition of the special condition, Westbrooks contends:  the need for mental-health treatment was not supported by the

evidence; and the court did not explain how the special condition reasonably related to the sentencing factors in 18 U.S.C. § 3553(a). Along that line, a district court's broad discretion to impose special conditions of supervised release at sentencing is limited by three requirements. 18 U.S.C. § 3583(d); *Fernandez*, 776 F.3d at 346.

First, the special condition is required to be "reasonably related" to certain factors in 18 U.S.C. § 3553(a) including: "the nature and circumstances of the offense and the history and characteristics of . . . defendant"; deterrence of criminal conduct; protection of the public; and providing defendant "with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner". 18 U.S.C. § 3553(a)(1), (2)(B)–(D); *United States v. Alvarez*, 880 F.3d 236, 239–40 (5th Cir. 2018).

Second, a special condition must cause "no greater deprivation of liberty than is reasonably necessary" to advance the goals of deterrence, public protection, or needed corrective treatment. 18 U.S.C. § 3583(d)(2).

Third, a special condition must be "consistent with any pertinent policy statements" in the Sentencing Guidelines. 18 U.S.C. § 3583(d)(3). The policy statement involving special conditions of supervised release recommends a sentencing court impose a condition requiring defendant to participate in a mental-health program approved by the United States Probation Office "[i]f the court has reason to believe . . . defendant is in need of psychological or psychiatric treatment". U.S.S.G. § 5D1.3(d)(5).

In addition to the three above statutory requirements, a district court must "set forth factual findings to justify special probation conditions". *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014) (internal quotation marks and citation omitted). The court commits error by failing to explain its reasons for imposing a special condition. *Alvarez*, 880 F.3d at 240–41.

No. 18-20628

"[A]bsent evidence that . . . defendant 'has ever been *diagnosed* with or *treated* for a mental health condition,' a mental-health-treatment special condition does not meet the three statutory requirements". *United States v. Garrido*, 751 F. App'x 479, 481–82 (5th Cir. 2018) (quoting *Alvarez*, 880 F.3d at 240) (emphasis in original); *see also United States v. Bree*, 927 F.3d 856, 2019 WL 2520061, at \*2–3 (5th Cir. 19 June 2019).  The PSR does not contain any evidence that Westbrooks had a diagnosis requiring mental-health treatment, had ever been treated for a mental-health condition, or even had a questionable mental-health history.

"Our precedent requires specific record facts demonstrating mental instability before a mental-health special condition may be imposed." *Bree*, 2019 WL 2520061, at \*3.  The probation officer's conclusion does not meet the "clear requirement of an evinced pattern of 'a questionable mental health history or a particular diagnosis requiring mental health treatment'". *Id.* (quoting *United States v. Gordon*, 838 F.3d 597, 604 (5th Cir. 2016).

Westbrooks was released in early April 2019, and has begun her one-year term of supervised release.  For the foregoing reasons, the judgment is MODIFIED by striking the mental-health special condition. In all other respects, the judgment is AFFIRMED.