# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2021

Lyle W. Cayce
Clerk

No. 20-50572
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jesus Martin Vela,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:17-CR-134

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Jesus Martin Vela was sentenced to 12 months' imprisonment after his supervised release was revoked. On appeal, he contends that the 12-month prison sentence at the high-end of the Guidelines was procedurally and substantively unreasonable.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Our review proceeds in two steps. First, we assess whether the district court committed a "significant procedural error, such as failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing adequately to explain the chosen sentence." *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). If the sentence is procedurally sound, we then review for substantive reasonableness. *Id.* "A revocation sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Badgett*, 957 F.3d 536, 541 (5th Cir. 2020) (internal quotation marks and citation omitted). We apply a presumption of reasonableness to Vela's within-Guidelines revocation sentence. *Id.*

When the defendant objects to his revocation sentence in the district court, we review "under a 'plainly unreasonable' standard." *Warren*, 720 F.3d at 326. But if the defendant fails to object, our review is for plain error. *Id.* Here, Vela's request for a below-Guidelines sentence was not sufficient to preserve his claim of procedural error; consequently, we review his procedural argument for plain error. *See United States v. Coto-Mendoza*, 986 F.3d 583, 586 (5th Cir. 2021). We need not consider the extent to which Vela's claim of substantive error may not have been preserved because his substantive-reasonableness argument fails regardless of the standard of review. *See United States v. Holguin-Hernandez*, 955 F.3d 519, 520 n.1 (5th Cir. 2020).

Vela's procedural and substantive challenges are based on the same principal argument: that the district court erroneously found and improperly considered that he absconded from supervision. Though the district court imprecisely used the term "absconded" in passing, context makes clear that the court's focus was how quickly Vela violated his conditions after being

2

released from custody. To the extent the district court relied on this at sentencing, it was neither erroneous nor improper. *See United States v. Sanchez*, 574 F. App'x 473, 473 (5th Cir. 2014); *cf. United States v. McGee*, 559 F. App'x 323, 330 n.33 (5th Cir. 2014). Insofar as Vela asserts that the district court substantively erred by insufficiently accounting for factors that should have received significant weight, his argument amounts to nothing more than a disagreement with the district court's balancing of the applicable 18 U.S.C. § 3553(a) factors, which we will not reweigh. *See Warren*, 720 F.3d at 332. Vela fails to show that his revocation sentence is plainly unreasonable or that the district court plainly erred.

AFFIRMED.