# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 20, 2021

Lyle W. Cayce
Clerk

No. 20-11243
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAYMOND CASTILLO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
No. 5:19-CR-103-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Raymond Castillo was sentenced to 21 months of imprisonment followed by a three-year term of supervised release ("SR") after pleading guilty of being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court imposed a special

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

condition of SR requiring that Castillo participate in sex-offender treatment, which he challenges on appeal. We review for abuse of discretion. *See United States v. Caravayo*, 809 F.3d 269, 272 (5th Cir. 2015).

Although a district court has broad discretion in imposing conditions of SR, its discretion is limited by statute. *United States v. Fernandez*, 776 F.3d 344, 346 (5th Cir. 2015); *see* 18 U.S.C. § 3583(d). In relevant part, the condition must be "reasonably related" to at least one of four factors in 18 U.S.C. § 3553(a), including the defendant's history and characteristics. § 3583(d)(1); *see* § 3553(a)(1). Thus, even if the offense of conviction is not a sex offense, a prior offense may be considered in determining the special conditions. *See United States v. Iverson*, 874 F.3d 855, 861–62 (5th Cir. 2017). A district court also may impose sex-offender-related special conditions even if, as here, the only evidence of sexual misconduct is a remote past crime if there is a connection between the prior offense and the condition. *See Sealed Appellee v. Sealed Appellant*, 937 F.3d 392, 403–04 (5th Cir. 2019); *see also United States v. Fields*, 777 F.3d 799, 803–04 (5th Cir. 2015).

First, insofar as Castillo suggests that the timing of his 1999 juvenile adjudication for aggravated sexual assault implicates due process and ineffective-assistance-of-counsel issues, the government correctly asserts that a district court may not entertain such a challenge at sentencing. *See United States v. Longstreet*, 603 F.3d 272, 277 (5th Cir. 2010).

Next, the presentence report sufficiently documented Castillo's history, including the prior sexual-assault offense for which he was adjudicated guilty, the offenses that led to his probation revocation, his treatment history, and his conviction of failure to register as a sex offender. Despite Castillo's contentions to the contrary, the special condition was reasonably related to his history and characteristics and the need for the sentence to afford adequate deterrence, protect the public, and provide him with correctional treat-

ment. *See* §§ 3553(a)(1), 3553(a)(2)(B)–(D), 3583(d)(1); *see also Fernandez*, 776 F.3d at 346. Finally, although the district court referenced the government's written response, which included Castillo's history of abuse, the record does not show that that was the primary basis for the special condition and, more likely, it was Castillo's history and characteristics, taken all together, that guided the sentence. *See United States v. Miller*, 665 F.3d 114, 132 (5th Cir. 2011).

Accordingly, Castillo has not demonstrated that the district court abused its discretion by imposing a special condition of SR requiring him to participate in sex-offender treatment. *See Caravayo*, 809 F.3d at 272. AFFIRMED.